**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 9:26-cv-81174**

SPAR GROUP, INC., a Delaware corporation,

Plaintiff,

v.

ROBERT BROWN, an individual, JEAN BROWN, and individual, RORY BROWN, individually and as Trustee of the SP/R Inc. Defined Benefit Pension Trust, KIMBERLY MARION VILLANI, individually and as Trustee of the SP/R Inc. Defined Benefit Pension Trust, CHRISTOPHER VILLANI, an individual, SPAR BUSINESS SERVICES INC., a Nevada corporation, and INNOVATIVE GLOBAL TECHNOLOGIES LLC, a Nevada limited liability company,

Defendants.
____________________________________/

## COMPLAINT

Plaintiff, SPAR GROUP, INC. ("SPAR"), sues Defendants, Robert Brown ("Brown"), Jean Brown, Rory Brown, individually and as Trustee of the SP/R Inc. Defined Benefit Pension Trust, Kimberly Marion Villani, individually and as Trustee of the SP/R Inc. Defined Benefit Pension Trust, Christopher Villani, SPAR Business Services, Inc., and Innovative Global Technologies LLC, and states as follows:

## Nature of the Case

1. This is an action for declaratory and injunctive relief from Defendants" acts

and omissions in violation of Sections 13(d) of the Securities Exchange Act of 1934, as amended (the "Exchange Act"), and the applicable rules and regulations of the Securities and Exchange Commission (the "SEC").

**Jurisdiction, and Venue**

2. This Court has jurisdiction over the securities law violations alleged herein pursuant to 28 U.S.C. § 1331 and Section 27 of the Exchange Act, as amended, 15 U.S.C. § 78aa.

3. Venue is proper pursuant to Section 27 of the Exchange Act, as amended, 15 U.S.C. §78aa because an act or transaction constituting the violation of the Exchange Act alleged herein occurred in this district and because one or more of Defendants, Robert Brown, Jean Brown, SPAR Business Services, Inc., and Innovative Global Technologies, LLC, are found in, are inhabitants of, or transact business in this district. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events and/or omissions which give rise to the claims asserted herein occurred in this judicial district.

4. This Court has personal jurisdiction over Defendants pursuant to the Exchange Act, 15 U.S.C. § 78aa, which provides for nationwide service of process and therefore provides a statutory basis for jurisdiction. Additionally, Defendants have sufficient minimum contacts with the United States to satisfy the Fifth Amendment's due process requirements.

**Parties**

5. Plaintiff, SPAR, is a Delaware corporation with its principal executive offices

located in Charlotte, North Carolina. SPAR provides merchandising and marketing services to consumer goods companies and retailers.

6. SPAR's common stock is registered pursuant to Section 12(b) of the Exchange Act, 15 U.S.C. § 78(b), and is listed and traded on the OTCQB Venture Market under the symbol SGRP. At all times pertinent hereto, there were approximately 24,000,000 shares of SPAR common stock outstanding.

7. Defendant, Robert Brown, is an individual with his domicile in Palm Beach Gardens, Florida.

8. Defendant, Jean Brown, is an individual with her domicile in Palm Beach Gardens, Florida. Robert Brown and Jean Brown are husband and wife.

9. Defendant Rory Brown, is an individual with his domicile in Irvington, New York. Rory Brown is a trustee of the SP/R Inc. Defined Benefit Pension Trust. Rory Brown is the son of Defendant, Robert Brown.

10. Defendant Kimberly Marion Villani, is an individual with her domicile in Doylestown, Pennsylvania. Kimberly Marion Villani is a trustee of the SP/R Inc. Defined Benefit Pension Trust. Kimberly Marion Villani is the daughter of Defendant, Robert Brown.

11. Defendant, Christopher Villani, is an individual with his domicile in Doylestown, Pennsylvania. Christopher Villani and Kimberly Marion Villani are husband and wife and are the parents of R. Villani, their minor child.

12. Defendant, SPAR Business Services, Inc., is a Nevada Corporation with its principal place of business in West Palm Beach, Florida.

13. Defendant, Innovative Global Technologies, LLC, is a limited liability company organized under the laws of Nevada.

## General Allegations

14. Robert Brown is a founder, former chairman of SPAR's Board of Directors, and former officer of SPAR and significant shareholder of SPAR stock.

15. On or about August 8, 2024, Robert Brown, individually and on behalf of Innovative Global Technologies, LLC and Spar Business Services, Inc., filed his most recent Schedule 13D/A, in which he reported that he exercises sole voting and dispositive power over 1,822,549 shares of SPAR stock and shared voting and dispositive power over 5,380,981 shares of SPAR stock—an aggregate amount of 7,203,530 shares or 29.60% of SPAR's common stock.

16. As of August 8, 2024, the shares of SPAR stock over which Robert Brown exercised shared voting and dispositive power included at least 1,199,538 shares held in the SP/R, Inc. Defined Benefit Pension Trust, 3,000,000 shares held by Innovative Global Technologies, LLC, 1,065,538 shares of held by Spar Business Services, Inc., and 115,905 shares owned by Jean Brown.

17. Robert Brown is the sole manager of Innovative Global Technologies, LLC.

18. Robert Brown is one of two directors and is all of the corporate officers of Spar Business Services, Inc.

19. Robert Brown's children, Rory Brown and Kimberly Villani, both serve as trustees of the SP/R, Inc. Defined Benefit Pension Trust.

20. Separate from his role as a trustee of the SP/R, Inc. Defined Benefit Pension Trust, Rory Brown holds or otherwise exercises voting and dispositive power over at least 1,546,390 shares, or 6.4%, of SPAR stock .

21. Separate from her role as a trustee of the SP/R, Inc. Defined Benefit Pension Trust, Kimberly Villani holds or otherwise exercises voting and dispositive power over at least 1,601,000 shares, or 6.7%, of SPAR stock.

22. Christopher Villani holds or otherwise exercises voting and dispositive power over at least 25,000 shares of SPAR stock.

23. Kimberly Villani and Christopher Villani exercise the voting and dispositive power of at least 3,000 shares of SPAR stock held by their minor child, R. Villani.

24. Robert Brown has a history of disputes and litigation with SPAR, including a lawsuit filed on June 5, 2026, in which Robert Brown brought shareholder derivative claims against members of SPAR's Board of Directors and officers in the Court of Chancery of the State of Delaware, captioned *Brown v. Gillis, et. al.*, C.A. No. 2026-0741-LWW (the "Derivative Suit").

25. Additionally, prior to and after the June 11, 2026, annual meeting of SPAR's shareholders, Robert Brown publicly announced his opposition to the re-election certain members of SPAR's Board of Directors and to various proposals made by SPAR's management.

26. Prior to the June 11, 2026, annual meeting, Robert Brown and his family members, Jean Brown, Rory Brown, Kimberly Villani, and Christopher Villani, individually or through their agents, agreed to vote the shares over which they

exercised voting and dispositive powers together as a group, either by arranging for Robert Brown to exercise such powers for the group or by agreeing to vote their shares as directed by or in accordance with the interests of Robert Brown. In making such agreement, Robert Brown, individually and on behalf of Innovative Global Technologies, LLC and Spar Business Services, Inc., Jean Brown, Rory Brown, individually and as trustee of the SP/R, Inc. Defined Benefit Pension Trust, Kimberly Villani, individually and as trustee or the SP/R, Inc. Defined Benefit Pension Trust, and Christopher Villani (the "Brown Family Group") created a voting bloc that, by the time of the June 11, 2026, annual meeting, exercised the voting and dispositive power of at least 9,000,000 shares.

27. However, the Brown Family Group, as a group, failed to file the required SEC disclosures, including a Schedule 13D.

28. Additionally, Rory Brown and Kimberly Villani failed to file the required SEC disclosures relating to their respective beneficial ownership of over 5% of SPAR stock.

29. During the June 11, 2026, annual meeting of SPAR's stockholders, upon information and belief, the Brown Family Group, voted as a bloc in accordance with the instructions and interests of Robert Brown, including, without limitation, by voting against the reelection of SPAR board members John Bode and Linda Houston, by voting against the proposed compensation of SPAR's executive officers, and by voting against the ratification and approval of the Board of Director of SPAR's adoption of its 2026 Stock Compensation Plan.

30. The Brown Family Group's failure to make the required SEC disclosures has

deprived SPAR, its shareholders, and the investing public of required information about the large accumulation of shares under the control of the Brown Family Group and has concealed the true nature of Robert Brown's and the Brown Family Group's influence and activism.

## Count I: Violation of Exchange Act

SPAR re-alleges and incorporates by reference herein the allegations in paragraphs 1 through 30 above as if stated herein.

31. The Declaratory Judgment Act of 28 U.S.C. § 2201 provides in pertinent part that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration."

32. Section 13(d) of the Exchange Act requires persons who acquire, directly or indirectly, more than 5% beneficial ownership interest in a publicly traded company, or who act as a group for the purpose of "acquiring, holding, or disposing" of more than 5% of a class of equity securities of a publicly traded company, to file a Schedule 13D with the SEC containing certain information, including: (i) the identity and background of each reporting person, including name, residence, occupation, citizenship, etc.; (ii) the sources and amount of funds or other consideration used or to be used to make the stock purchases; (iii) the purposes of the transactions, including any plans or proposals of the group; (iv) aggregate amount of shares beneficially owned by each reporting person; and (v) any contracts, arrangements or understands or relationships with respect to the securities of the issuer ("SEC

Disclosures").

33. Defendants entered into an agreement to work together to oppose certain proposals of SPAR's management and to oust certain members of SPAR's board of directors. Moreover, Defendants agreed to act together as a group to "acquire, hold, vote or dispose" of their shares in SPAR in accordance with the instructions of Robert Brown. As a group, the Defendants were and are the beneficial owners of more than 5% of SPAR stock.

34. Despite the mandates of section 13(d) of the Exchange Act, Defendants failed to file the SEC Disclosures relating to their respective beneficial ownership of SPAR shares. Furthermore, the group formed by Defendants failed to file the SEC Disclosures regarding their group's beneficial ownership of more than 5% of SPAR stock.

35. As a proximate result of Defendants' failure to comply with the Exchange Act, SPAR, its shareholders and the investing public have suffered and continue suffering irreparable harm because they have been deprived of the benefits of the Act's disclosure requirements. The irreparable harm to SPAR, its shareholders, and the investing public will continue unless Defendants and their group are enjoined from further violating the Exchange Act.

36. There is no adequate remedy at law for Defendants' violations of the Exchange Act. Accordingly, Plaintiff is entitled to: (i) a declaratory judgment that Defendants have violated, and are continuing to violate, Section 13(d) of the Exchange Act; and (ii) an injunction against Defendants preventing any action whatsoever in

furtherance of their agreement.

37. The granting of injunctive relief as sought herein is warranted upon consideration of the balance of hardships between the parties.

38. The granting of injunctive relief as sought herein will not dis-serve the public's interest but will enforce the public's significant interest in favor of the enforcement of the disclosure provisions of the Exchange Act.

WHEREFORE, Plaintiff, SPAR Group, Inc., demands judgment against Defendants, Robert Brown, Jean Brown, Rory Brown, individually and as Trustee of the SP/R Inc. Defined Benefit Pension Trust, Kimberly Marion Villani, individually and as Trustee of the SP/R Inc. Defined Benefit Pension Trust, Christopher Villani, SPAR Business Services, Inc., and Innovative Global Technologies LLC (i) declaring that the Defendants violated the requirements of federal law by failing to comply with the disclosure requirements of the Exchange Act; (ii) declaring that the Defendants are a "group" for purposes of Section 13(d) of the Exchange Act, which requires them to affirmatively file disclosures which they failed to make; (iii) enjoining the Defendants and their agents from taking any further action in violation of the Exchange Act; (vi) compelling Defendants to make all necessary disclosures required by the Exchange Act; and (vii) granting such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

SPAR Group, Inc. demands a trial by jury as to all issues so triable.

Dated September 16, 2026.

Respectfully submitted,

By: */s/Ronald R. Hink*
Ronald R. Hink Jr.
Florida Bar No.: 98989

The Hink Law Firm, P.A.
2 S Biscayne Blvd. Ste. 1590
Miami, Florida 33131
Telephone No: (305) 600-3705
Facsimile No: (305) 600-3704
ron@hink.legal
*Counsel for Plaintiff*